UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 20-41097

SYLVESTER McINTOSH,                                       Chapter 11
and TARA NSHOMBE McINTOSH,
                                                          Judge Thomas J. Tucker
                    Debtors.
_____/

REBECCA L. BAILEY, *pro se*,

                    Plaintiff,

v.                                                        Adv. No. 20-4121

SYLVESTER McINTOSH, *pro se*,
and TARA NSHOME McINTOSH, *pro se*,

                    Defendants.
_____/

**OPINION AND ORDER REGARDING THE DEFENDANTS' OBJECTIONS TO
GARNISHMENT; DETERMINING THE AMOUNT STILL OWED TO THE
PLAINTIFF BY THE DEFENDANTS UNDER THE JULY 8, 2020 CONSENT
JUDGMENT; AND REQUIRING THE GARNISHEE MGM GRAND TO PAY $1,275.85
TO THE PLAINTIFF FROM FUNDS WITHHELD FROM DEFENDANT TARA
McINTOSH'S EARNINGS**

## I. Introduction

At issue in this adversary proceeding is the amount the Defendants still owe to the

Plaintiff under a consent judgment. The issue arises due to the Plaintiff's effort to collect the

amount she alleges the Defendants still owe to her under the consent judgment, through the

issuance of a writ for periodic garnishment. This adversary proceeding is before the Court on the

Defendants' objections to garnishment. Also before the Court is the Plaintiff's motion to enforce

the garnishment writ, and the Defendants' objections to that motion.

The Court held a hearing on these matters on May 20, 2026.  For the reasons stated in this Opinion, the Court will overrule the Defendants' objections to the garnishment writ, and will grant the Plaintiff's motion to enforce the writ.

## II.  Jurisdiction

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and L.R. 83.50(a) (E.D. Mich.).  This is a core proceeding under 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), and 157(b)(2)(O).

## III.  Factual background

### A.  The Consent Judgment

On July 8, 2020, at a time when both sides were still represented by counsel,[1] the parties stipulated to the entry of a consent judgment in this adversary proceeding (Docket # 28).  The Court entered a consent judgment against the Defendants in the amount of $12,500.00 (the "Consent Judgment Amount") (Docket # 29, the "Consent Judgment").

The Consent Judgment required the Defendants to make monthly payments to the Plaintiff of at least "$208.33, not including statutory interest which will be added and applied to the balance of the Consent Judgment Amount according to MCL 600.6013 and 600.6455." (Consent Judgment at 1, Part 1 ("Payment of Consent Judgment Amount.").)  The Consent Judgment stated, in relevant part:

> Defendants will be jointly and severally liable for the payment of
> the Consent Judgment Amount. . . . Defendants' first payment
> must be made within 7 days of the entry of this Consent Judgment
> or upon receiving notice of Plaintiff's direct deposit written
> instructions, whichever is later. Defendants' Monthly Installments

---

[1] None of the parties are represented by counsel now.

2

will be due on or before the 1st of each month, thereafter. The parties acknowledge and agree that there is no[] grace period.

(*Id.* at 1-2, Part 1.)

The Consent Judgment stated further "that [the] Defendants will be liable to the Plaintiff, in addition to the Consent Judgment Amount, for any costs or attorney fees in having to enforce the Consent Judgment or upon any default or violation of the Consent Judgment." (*Id.* at 2, Part 2 ("Payment of Expenses to Enforce Consent Judgment").) And the Consent Judgment stated that the Consent Judgment Amount was non-dischargeable under 11 U.S.C. § 523(a)(6). (*Id.* at 2, Part 3 ("Nondischargeable").)

**B. The Request and Writ for Garnishment (Periodic) and related filings**

On February 27, 2026, the Plaintiff filed, and the Clerk signed and issued, a paper entitled "Request and Writ for Garnishment (Periodic)" against Garnishee MGM Grand (Docket # 75, the "Garnishment Writ"), seeking to garnish the earnings of Defendant Tara McIntosh, in order to collect amounts the Defendants still allegedly owed to the Plaintiff, jointly and severally, under the Consent Judgment. The Garnishment Writ stated, in relevant part:

1. Plaintiff received judgment against [D]efendant for $12,500 on July 8, 2020.

2. The total amount of judgment interest accrued to date is $2,275. The total amount of postjudgment costs accrued to date is $150. The total amount of postjudgment payments made and credits to date is $12,331.

3. Plaintiff knows or with good reason believes the [G]arnishee [is] indebted to or possesses or controls property belonging to [D]efendant.

4. Plaintiff requests a writ of periodic garnishment to be paid and mailed to [P]laintiff.

3

*Id.* (underlining in original).

On March 2, 2026, the Plaintiff filed an exhibit which, in relevant part, includes two different interest calculations. (*See* Docket # 76.) The first calculation shows that the interest owed on the Consent Judgment Amount is $1,259.87, based on the pay-off date of "2/2026." (*Id.* at 2.) The second calculation, apparently generated by ChatGPT, shows that the amount of interest that would be owed on a loan of $12,500 over a 60-month period ending in 2024 is $2,275. (*Id.* at 3.) The exhibit also includes a text message discussion of unknown date, which, according to the Plaintiff, is between the Plaintiff and Defendant Sylvester McIntosh.[2] In the text messages, Defendant Sylvester McIntosh says, in relevant part, that he is "making one final payment;" that the appropriate interest rate is 2.167%; that he will compare his interest calculations with those of the Plaintiff before making a final payment; that he will draft a document for the Plaintiff to sign "acknowledging the debt has been paid in full;" and that the document will have "a date certain the balance will be paid along with the case number to be recorded." (*Id*. at 1-2.)

On March 9, 2026, each of the Defendants filed an objection to the Garnishment Writ (Docket ## 83, 85, collectively, the "Objections"). In their Objections, each Defendant objected to the Garnishment Writ on the basis that "the judgment has been paid." (Objs. (Docket ## 83, 85 at ¶¶ 1.e.) But neither of the Defendants attached any evidence of any payments they had made on the Consent Judgment Amount.

On March 20, 2026, the Court entered an Order entitled "Order Requiring the Plaintiff to (1) File a Copy of the Garnishee's Response to the Garnishment Writ; or (2) If the Garnishee Did

---

[2] *See* Docket # 113 (referring to the text discussion in this exhibit).

4

Not Respond to the Garnishment Writ, File a Motion to Enforce the Garnishment Writ Against

the Garnishee" (Docket # 96, the "March 20, 2026 Order").  The March 20, 2026 Order stated, in

relevant part:

> On February 27, 2026, a paper entitled "Request and Writ
> for Garnishment (Periodic)" against Garnishee MGM Grand
> (Docket # 75, the "Garnishment Writ") was filed with this Court.
> The Garnishment Writ stated, in relevant part:
>
> IT IS ORDERED:
> . . .
>
> TO THE GARNISHEE:
>
> 1.    Within 7 days after you are served with this
>       [Garnishment W]rit, deliver a copy of this
>       [Garnishment W]rit to the [D]efendant in
>       person or mail a copy to his or her last-know
>       address by first-class mail.
>
> 2.    Within 14 days after you are served with this
>       [Garnishment W]rit, deliver or mail copies
>       of your completed Garnishee Disclosure
>       (MC14) to the [C]ourt, [P]laintiff/attorney,
>       and [D]efendant.  A default may be entered
>       against you for failure to disclose.
>
> (*Id.*) (bold in original).
>
> The Plaintiff filed a certificate of service (Docket # 87),
> showing that she served the Garnishment Writ on the Garnishee by
> first class mail on March 2, 2026.  Therefore, the deadline for the
> Garnishee to file a response to the Garnishment Writ was March
> 19, 2026.  But there is not yet any indication in the record that the
> Garnishee complied with the requirements of either Paragraph 1 or
> Paragraph 2 of the "IT IS ORDERED" portion of the Garnishment
> Writ, quoted above.  Yet, the Plaintiff has taken no action to seek
> relief against the Garnishee for any of its failures, that is, to enforce
> the Garnishment Writ against the Garnishee.
>
> Accordingly,

IT IS ORDERED that no later than March 27, 2026, the [P]laintiff must do one of the following things: (1) file a copy of the Garnishee's response to the Garnishment Writ; or (2) if the Garnishee did not respond to the Garnishment Writ, file a motion to enforce the Garnishment Writ against the Garnishee, with a 14-day notice of such motion, and serve that motion and the 14-day notice on the Garnishee and on the Defendants.

IT IS FURTHER ORDERED that if the Plaintiff does not timely comply with this Order, the Court may vacate the Garnishment Writ, for lack of prosecution.

*Id.* (footnote omitted).

On March 24, 2026, the Plaintiff filed a motion to enforce the Garnishment Writ (Docket # 99, the "Enforcement Motion"), in which, in relevant part, she alleged that the total amount the Defendants still owe to her under the Consent Judgment is $2,594.00, and that the Garnishee has failed to respond to the Garnishment Writ. The Enforcement Motion states, in relevant part:

1. Proof of Debt owed under [Consent J]udg[]ment provided to [D]efendant[s and G]arnishee[.]

2. Defendant[']s own text claiming to need interest calculations and more payments need to be made[.]

3. Plaintiff requests that default judg[]ment is entered for [$]2,594 balance owed and [G]arnishee [be] compelled to respond to [Garnishment Writ.]
. . . .

[The Plaintiff] has a [Consent J]udg[]ment for $12,500.00 plus interest on July 8, 2020 that has not been fulfilled against [the Defendants] and has received no response from MGM Grand and Strada in the matter of case number 20-4121 TJT. The remainder owed [the Plaintiff] is $2,594.00.

(*Id.* at pdf pp. 13, 18.)

On March 27, 2026, the Defendants jointly filed an objection to the Enforcement Motion

6

(Docket # 101), in which they again alleged that they have fully paid their debt under the Consent

Judgment.  In their objection to the Enforcement Motion, the Defendants stated, in relevant part:

> 3.  On or about September 2020 [sic], Rebecca L. Bailey (Plaintiff), Sylvester McIntosh and Tara Mcintosh (Defendants) entered into a [C]onsent [J]udgment (Adv. No. 20-4121). The [D]efendants were ordered to pay $208.11 Monthly for 60 months to satisfy the [C]onsent [J]udg[]ment.
>
> 4.  The Defendants complied with the [Consent J]udgment and made 60 consecutive payments of $209 to the [P]laintiff Rebecca Bailey.
>
> 5.  The Defendants have satisfied the judg[]ment completely.

(*Id.* at 2.)  The Defendants again failed to attach evidence of any payments they made on the

Consent Judgment Amount.

On April 14, 2026, the Plaintiff filed a reply in support of her Enforcement Motion

(Docket # 113, the "Reply").  In the Reply, the Plaintiff alleges that the Defendants admitted that

they made their last payment under the Consent Judgment in May 2025 and that the Defendants

still owe her $169 in principal under the Consent Judgment Amount.  In the Reply the Plaintiff

also provides a basis for her calculation of that amount.  The Reply states, in relevant part:

> [The Defendants] have claimed that they made a last principal payment in May 2025, which leaves a balance of [$]169 plus interest over the life of the loan.
>
> 12500/209 is 59.8086 payments
>
> | July 2020 - Dec 2020 | 1254 |
> |---|---|
> | 2021 | 2508 |
> | 2022 | 2508 |
> | 2023 | 2508 |
> | 2024 | 2508 |
> | 2025 Jan-May | 1045 |

**Total Payments**             **[$]12,331**

**Principle balance of [$]169 not yet paid according to Sylvester McIntosh texts.**

The judgment clearly states that interest is due on the loan, yet no interest has been paid.

I have provided the calculations of the interest, along with [the Defendants'] claim that he will be making a final payment, which has not happened.

He has provided zero proof of the payments made after May 2025, when he also claimed he thought it was final principal payment.

His calculations have not been provided.

He has not paid any interest on the loan and has claimed he would send final payment along with his interest calculations[,] but has not. He was going to provide a date for a certain document for me to sign saying the debt was fully paid, which would be voided if he failed to make the final payment. He has not provided the payment or the contract.

(*Id.* at 1) (bold in original).

The Reply includes what appears to be a screen shot of a communication from Defendant Sylvester McIntosh to the Plaintiff, dated June 23, 2025, which shows that as of that date, Sylvester McIntosh was alleging that Consent Judgment Amount had been paid in full. It states:

According to your calculations, we are at 58 months. According to our math we are at 60 payments. We made 2 payments prior to the judg[]ment. I will verify . . . the interest rate and amount today and get back to you.

(Docket # 113 at 2). But the Defendants did not provide any receipts or other documentation to support this statement, and as noted in this Opinion, above, in other communications with the Plaintiff, Defendant Sylvester McIntosh contradicts this statement by agreeing with the Plaintiff

that he had one final payment to make.

On May 4, 2026, Garnishee MGM Grand finally filed a Garnishee Disclosure, responding to the "[G]arnishment [Writ] issued on 02/27/2026 and received by [G]arnishee on 03/17/2026" (Docket # 117 (underlining in original)).  The Garnishee Disclosure states:

> The [G]arnishee is obligated to pay the [D]efendant [Tara Nsombi McIntosh] during the period of the [Garnishment W]rit. Payments are for earnings. . . . Payments are made . . . biweekly. . . . A higher priority writ/order . . . is not currently in effect. . . . Withholding under this [Garnishment W]rit will begin immediately, if sufficient funds are available.

(*Id.*)

**C. The May 20, 2026 hearing on the Objections**

On May 20, 2026, the Court held a hearing on the Objections.  The Plaintiff and each of the Defendants appeared at the hearing.  The Garnishee, MGM Grand, did not appear at the hearing, for reasons unknown to the Court.

During the hearing, the Defendants presented three Payslips from MGM Resorts, which appear to show that the Garnishee MGM Grand has withheld from the earnings of Defendant Tara McIntosh the following amounts on the following dates, each time for "Creditor Garnishment (20-04121 TJT):"

- $1,118.52 for the pay period ending on December 14, 2025; and

- $1,161.65 for the pay period ending on April 19, 2026; and

- $1,161.65 for the pay period ending on May 3, 2026.

These garnishment withholdings total $3,441.82.[3]  During the hearing, however, the Plaintiff

_____

[3] MGM Grand's withholding of $1,118.52 from Defendant Tara McIntosh wages for the pay period ending on December 14, 2025 may have been due to an earlier garnishment writ, issued in this

stated that none of these funds have been paid her. And it is clear from the Court's docket that none of these funds have been paid to the Clerk of this Court. Nor, according to the Defendants, have any of the funds withheld been returned to the Defendant Tara McIntosh.

During the hearing, the parties agreed, and the Court ruled, that based on the plain meaning of the Consent Judgment, interest is owed on the Consent Judgment Amount. The parties also agreed that the Court should calculate the amount of interest owed on the Consent Judgment Amount under Mich. Comp. Laws Ann. §§ 600.6013 and 600.6455, and that the parties would be bound by such determination. Based on the agreement of the parties, expressed on the record during the hearing, the following is now undisputed:

- The Defendants made 59 payments of $209.00 each, totaling $12,331.00, leaving **$169.00** in principal still owing on the $12,500.00 Consent Judgment Amount.

- To calculate the interest owed under the Consent Judgment, the Court should assume that all 59 payments were made on the first of each month, beginning July 1, 2020.

Although under the Consent Judgment, the Plaintiff is entitled to attorney fees and costs to enforce the Consent Judgment, the Court finds that the Plaintiff's allowed costs for enforcement of the Consent Judgment are zero. The Plaintiff was not represented by an attorney in her effort to enforce the terms of the Consent Judgment, so there are no attorney fees. During the hearing, the Court ruled that certain other costs claimed by the Plaintiff are not allowable. The only other allowable cost the Plaintiff could have incurred in seeking to enforce the Consent Judgment is found in the Garnishment Writ. The Garnishment Writ requires the Plaintiff to

---

case on September 15, 2025 (Docket # 42, the "First Garnishment Writ"). On October 28, 2025, the Court entered an order vacating the First Garnishment Writ (Docket # 50).

include a payment of a $35.00 "disclosure fee" with two copies of the Garnishment Writ to the Garnishee. (*See* Garnishment Writ (Docket # 75).)  But the Plaintiff admitted during the hearing that she did not pay $35.00 to the Garnishee when she served the Garnishment Writ, and there is no indication that the Garnishee requested or demanded that payment.  And the Plaintiff did not present any evidence of other costs that could be reimbursed to her under the Consent Judgment. So that item of costs will not be allowed.

## IV. Discussion

Anticipating that the Plaintiff most likely will not actually be paid from the garnished funds before June 1, 2026, the Court has calculated what the Consent Judgment balance will be as of June 1, 2026.  The Court finds that the Plaintiff's interest calculation of $2,275.00, stated in the Garnishment Writ, is too high.  And Plaintiff's other interest calculations, described in Part III.B of this Opinion, above, also are too high.

The Court finds that the total amount of interest the Defendants owe to the Plaintiff as of June 1, 2026, under Mich. Comp. Laws Ann. §§ 600.6013(8) and 600.6455,[4] is **$1,106.85**.

---

[4]  Mich. Comp. Laws Ann. § 600.6013 states, in relevant part:

> Sec. 6013. (1) Interest is allowed on a money judgment recovered in a civil action, as provided in this section. . . .
> . . . .
>
> (8) Except as otherwise provided in subsections (5) and (7) and subject to subsection (13), for complaints filed on or after January 1, 1987, **interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section. Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other**

11

These statues require interest to be calculated at rates set for each of two six-month periods per year:

- January 1 - June 30

- July 1 - December 31

and that the interest be compounded annually. The interest rate for the six month periods during the time February 8, 2020 (the date the Plaintiff's complaint was filed) through June 1, 2026 can be found at:

https://www.michigan.gov/taxes/interest-rates-for-money-judgments

and 1% must be added to such interest rates to arrive at the applicable interest rate. Under § 600.6013(8), interest accrues from the date of filing the complaint, which was February 18, 2020.

Attached to this Opinion is a spreadsheet showing the Court's calculations of interest under Mich. Comp. Laws Ann. §§ 600.6013(8) and 600.6455. As shown in the spreadsheet, the total interest amount, as of June 1, 2026, is $1,106.85. So the total amount the Defendants still

---

**costs.**

Mich. Comp. Laws Ann. § 600.6013 (bold added). Mich. Comp. Laws Ann. § 600.6455 states, in relevant part:

> (2) Except as otherwise provided in this subsection, for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action shall be calculated **from the date of filing the complaint at a rate of interest which is equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, pursuant to this section.**

Mich. Comp. Laws Ann. § 600.6455(2) (bold added).

12

owe under the Consent Judgment, as of June 1, 2026, is $1,275.85:

$169.00 (Principal) + $1,106.85 (Interest) = $1,275.85

Because the Garnishee MGM Grand has already withheld from the earnings of Defendant Tara McIntosh an amount that exceeds the amount Defendants still owe on the Consent Judgment, the Court will order the Garnishee MGM Grand to immediately pay $1,275.85 directly to the Plaintiff, from funds that it withheld from the earnings of Defendant Tara McIntosh, and then pay the balance of what it withheld back to Defendant Tara McIntosh.

**V. Conclusion and Order**

For the reasons stated in this Opinion, the Court now enters the following Order.

IT IS ORDERED as follows:

1. The Defendants' Objections to the Garnishment Writ (Docket ## 83, 85) are overruled.

2. The Plaintiff's Enforcement Motion (Docket # 99) is granted.

3. The amount that the Defendants still owe to the Plaintiff under the Consent Judgment, as of June 1, 2026, is $1,275.85.

4. The Garnishee MGM Grand must immediately pay $1,275.85 directly to the Plaintiff, from funds that it withheld, and then pay the balance of what it withheld back to Defendant Tara McIntosh.

5. The Plaintiff must immediately serve a copy of this Opinion and Order on the Garnishee, MGM Grand, and file proof of that service. The Plaintiff also must provide MGM Grand with the Plaintiff's address to which MGM Grand's payment should be sent.

6. Promptly after MGM Grand has paid Plaintiff the $1,275.85 amount, the Plaintiff must file a satisfaction of judgment, and serve that on the Defendants and on MGM Grand, and file

proof of that service.

**Signed on May 26, 2026**   /s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**

14

**Interest rates:**

| Start | End | Rates |
|---|---|---|
| 01/01/20 | 06/30/20 | 2.617% |
| 07/01/20 | 12/31/20 | 1.699% |
| 01/01/21 | 06/30/21 | 1.330% |
| 07/01/21 | 12/31/21 | 1.739% |
| 01/01/22 | 06/30/22 | 2.045% |
| 07/01/22 | 12/31/22 | 3.458% |
| 01/01/23 | 06/30/23 | 4.743% |
| 07/01/23 | 12/31/23 | 4.762% |
| 01/01/24 | 06/30/24 | 5.392% |
| 07/01/24 | 12/31/24 | 5.359% |
| 01/01/25 | 06/30/25 | 5.016% |
| 07/01/25 | 12/31/25 | 5.083% |
| 01/01/26 | 06/30/26 | 4.725% |

**Start 2-18-2020**

| Date | Begin Balance | Payment | New Balance | Accrued Interest | Interest Rate | comments |
|---|---|---|---|---|---|---|
| 02/18/20 | $12,500.00 | | | | 2.617% | 2020 = leap year (366 days) |
| 07/01/20 | $12,500.00 | $209.00 | $12,291.00 | $118.87 | 1.699% | |
| 08/01/20 | $12,291.00 | $209.00 | $12,082.00 | $17.69 | | |
| 09/01/20 | $12,082.00 | $209.00 | $11,873.00 | $17.39 | | |
| 10/01/20 | $11,873.00 | $209.00 | $11,664.00 | $16.53 | | |
| 11/01/20 | $11,664.00 | $209.00 | $11,455.00 | $16.79 | | |
| 12/01/20 | $11,455.00 | $209.00 | $11,246.00 | $15.95 | | |
| 01/01/21 | $11,246.00 | $209.00 | $11,037.00 | $16.18 | 1.330% | 2021 = 365 days |
| 02/01/21 | $11,037.00 | $209.00 | $10,828.00 | $12.47 | | |
| 02/18/21 | $10,828.00 | | | $7.10 | | |
| **Total interest year 1** | | | | **$238.97** | | |
| 02/18/21 | $11,066.97 | | | | | annual compounding of interest |
| 03/01/21 | $11,066.97 | $209.00 | $10,857.97 | $4.03 | | |
| 04/01/21 | $10,857.97 | $209.00 | $10,648.97 | $12.27 | | |
| 05/01/21 | $10,648.97 | $209.00 | $10,439.97 | $11.64 | | |
| 06/01/21 | $10,439.97 | $209.00 | $10,230.97 | $11.79 | | |
| 07/01/21 | $10,230.97 | $209.00 | $10,021.97 | $11.18 | 1.739% | |
| 08/01/21 | $10,021.97 | $209.00 | $9,812.97 | $14.80 | | |
| 09/01/21 | $9,812.97 | $209.00 | $9,603.97 | $14.49 | | |
| 10/01/21 | $9,603.97 | $209.00 | $9,394.97 | $13.73 | | |
| 11/01/21 | $9,394.97 | $209.00 | $9,185.97 | $13.88 | | |
| 12/01/21 | $9,185.97 | $209.00 | $8,976.97 | $13.13 | | |
| 01/01/22 | $8,976.97 | $209.00 | $8,767.97 | $13.26 | 2.045% | |
| 02/01/22 | $8,767.97 | $209.00 | $8,558.97 | $15.23 | | |
| 02/18/22 | $8,558.97 | | | $8.63 | | |
| **Total interest year 2** | | | | **$158.06** | | |
| 02/18/22 | $8,717.03 | | | | | annual compounding of interest |
| 03/01/22 | $8,717.03 | $209.00 | $8,508.03 | $4.88 | | |
| 04/01/22 | $8,508.03 | $209.00 | $8,299.03 | $14.78 | | |
| 05/01/22 | $8,299.03 | $209.00 | $8,090.03 | $13.95 | | |
| 06/01/22 | $8,090.03 | $209.00 | $7,881.03 | $14.05 | | |
| 07/01/22 | $7,881.03 | $209.00 | $7,672.03 | $13.25 | 3.458% | |
| 08/01/22 | $7,672.03 | $209.00 | $7,463.03 | $22.53 | | |
| 09/01/22 | $7,463.03 | $209.00 | $7,254.03 | $21.92 | | |
| 10/01/22 | $7,254.03 | $209.00 | $7,045.03 | $20.62 | | |
| 11/01/22 | $7,045.03 | $209.00 | $6,836.03 | $20.69 | | |
| 12/01/22 | $6,836.03 | $209.00 | $6,627.03 | $19.43 | | |
| 01/01/23 | $6,627.03 | $209.00 | $6,418.03 | $19.46 | 4.743% | |
| 02/01/23 | $6,418.03 | $209.00 | $6,209.03 | $25.85 | | |
| 02/18/23 | $6,209.03 | | | $14.52 | | |
| **Total interest year 3** | | | | **$225.94** | | |
| 02/18/23 | $6,434.97 | | | | | annual compounding of interest |
| 03/01/23 | $6,434.97 | $209.00 | $6,225.97 | $8.36 | | |
| 04/01/23 | $6,225.97 | $209.00 | $6,016.97 | $25.08 | | |
| 05/01/23 | $6,016.97 | $209.00 | $5,807.97 | $23.46 | | |
| 06/01/23 | $5,807.97 | $209.00 | $5,598.97 | $23.40 | | |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 07/01/23 | $5,598.97 | $209.00 | $5,389.97 | $21.83 | 4.762% | |
| 08/01/23 | $5,389.97 | $209.00 | $5,180.97 | $21.80 | | |
| 09/01/23 | $5,180.97 | $209.00 | $4,971.97 | $20.95 | | |
| 10/01/23 | $4,971.97 | $209.00 | $4,762.97 | $20.11 | | |
| 11/01/23 | $4,762.97 | $209.00 | $4,553.97 | $19.26 | | |
| 12/01/23 | $4,553.97 | $209.00 | $4,344.97 | $17.82 | | |
| 01/01/24 | $4,344.97 | $209.00 | $4,135.97 | $17.57 | 5.392% | 2024 = leap year (366 days) |
| 02/01/24 | $4,135.97 | $209.00 | $3,926.97 | $18.89 | | |
| **02/18/24** | $3,926.97 | | | $10.41 | | |
| **Total interest year 4** | | | | **$248.95** | | |
| **02/18/24** | $4,175.92 | | | | | annual compounding of interest |
| 03/01/24 | $4,175.92 | $209.00 | $3,966.92 | $6.77 | | |
| 04/01/24 | $3,966.92 | $209.00 | $3,757.92 | $18.12 | | |
| 05/01/24 | $3,757.92 | $209.00 | $3,548.92 | $16.61 | | |
| 06/01/24 | $3,548.92 | $209.00 | $3,339.92 | $16.21 | | |
| 07/01/24 | $3,339.92 | $209.00 | $3,130.92 | $14.76 | 5.359% | |
| 08/01/24 | $3,130.92 | $209.00 | $2,921.92 | $14.21 | | |
| 08/01/24 | $2,921.92 | $209.00 | $2,712.92 | $13.26 | | |
| 10/01/24 | $2,712.92 | $209.00 | $2,503.92 | $11.92 | | |
| 11/01/24 | $2,503.92 | $209.00 | $2,294.92 | $11.37 | | |
| 12/01/24 | $2,294.92 | $209.00 | $2,085.92 | $10.08 | | |
| 01/01/25 | $2,085.92 | $209.00 | $1,876.92 | $9.47 | 5.016% | |
| 02/01/25 | $1,876.92 | $209.00 | $1,667.92 | $8.00 | | |
| **02/18/25** | $1,667.92 | | | $4.13 | | |
| **Total interest year 5** | | | | **$154.89** | | |
| **02/18/25** | $1,822.81 | | | | | annual compounding of interest |
| 03/01/25 | $1,822.81 | $209.00 | $1,613.81 | $2.50 | | |
| 04/01/25 | $1,613.81 | $209.00 | $1,404.81 | $6.88 | | |
| 05/01/25 | $1,404.81 | $209.00 | $1,195.81 | $5.79 | | |
| 06/01/25 | | | | $5.09 | | |
| 07/01/25 | | | | $4.93 | 5.083% | |
| 08/01/25 | | | | | | |
| 09/01/25 | | | | | | |
| 10/01/25 | | | | | | |
| 11/01/25 | | | | | | |
| 12/01/25 | | | | | | |
| 01/01/26 | | | | $30.47 | 4.725% | 7-1-25 thru 12-31-25 = 183 days |
| 02/01/26 | | | | $4.80 | | |
| **02/18/26** | | | | $2.79 | | |
| **Total interest year 6** | | | | **$63.26** | | |
| **02/18/26** | $1,259.06 | | $1,259.06 | | | annual compounding of interest |
| 03/01/26 | | | | | | |
| 04/01/26 | | | | | | |
| 05/01/26 | | | | | | |
| 06/01/26 | | | $1,275.85 | $16.79 | | 2-18-26 thru 6-1-26 = 103 days |
| **Total interest 2/18/20 to 6-1-26** | | | | **$1,106.85** | | |